```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                    :      SENTENCING REPLY

ROBERT M. QUINONES,               :      07 Cr. 544-01 (DLC)

           Defendant.             :

- - - - - - - - - - - - - - - - - x
```

April 21, 2008


Honorable Denise L. Cote
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

---

Dear Judge Cote:

    I write to respond briefly to the Government's Sentencing Submission and to the final version of the Pre-Sentence Report ("PSR"), which was issued subsequent to the submission of my sentencing memorandum.

**Objections and Corrections to the PSR**

    In paragraph 61 of the PSR, it states that Mr. Quinones operated Uncle Sam's Nephew from 2201 to 2004; this should read 2001 to 2004.

    In the justification section of the PSR, on page 26, it gives an unfairly incomplete rendition of the facts concerning the statement made, and then recanted, by one of the taxpayer clients. This paragraph should either be omitted, or expanded to include the fact that this client subsequently said that Mr. Quinones did <u>not</u> ask the client to provide any information to the IRS.

**Orlando Reyes**

    Both the Government and the PSR dispute the involvement of Orlando Reyes in the instant offense; indeed, the PSR goes so far as to suggest that Mr. Reyes was a "fictional character, created by the defendant." PSR at 26. I do not know why the IRS has not been able to locate Mr. Reyes; I do know that Mr. Quinones's wife has told me that she saw Mr. Reyes at the office and frequently heard her husband speaking to him on the telephone. That several of the clients did not deal with him proves nothing. As set forth in our sentencing memorandum, Mr. Quinones would give Reyes the client information and Reyes would prepare the returns and return them to Mr. Quinones. Most of my clients have never met the paralegals and investigators who do a substantial amount of the work in my office; that does not mean they do not exist.

Hon. Denise L. Cote                                April 21, 2008
U.S. District Judge                                       Page 3
Southern District of New York

    Re:  **United States v. Robert Quinones**
         **07 Cr. 544 (DLC)**

The Government also sets forth the standard for obstruction of justice pursuant to U.S.S.G. § 3C1.1, but, conceding that the facts arguably do not support the application of this enhancement, does not pursue it, despite raising it. Gov't Submission at 3. This enhancement does not apply. That Mr. Quinones told a client that his return had been prepared by Orlando Reyes and described Reyes to the client, without telling him to provide this information to the IRS cannot sustain an obstruction of justice enhancement. Nor is it even a "false exculpatory" as the Government proposes, Gov't Submission at n. 1. It is not false; Reyes prepared many of the returns. And it is not exculpatory; Mr. Quinones, as he stated in his plea allocution, is guilty because he aided and abetted the submission of these false returns. It does not matter who actually filled them out for purposes of determining guilt.

In addition, the Government asserts that it strains credulity that Mr. Quinones, as a professional tax return preparer, did not notice what his personal income tax returns included. Gov't Submission at 4. Unfortunately, Mr. Quinones was abusing high amounts of heroin and methadone during this period and was not able to notice much.

No one wishes more than Mr. Quinones that the IRS could locate Orlando Reyes. That they have not been able to do so does not render him a fictional character.

**Restitution**

The Government states that 18 U.S.C. §§ 3663, 3663A and 3664 mandate restitution of $470,043, the amount of tax loss due for Counts One to 25 of the Indictment. These statutory restitution provisions do not apply to the offense of conviction in those counts, 26 U.S.C. § 7206(2). See United States v. Gottesman, 122 F.3d 150, 151 (2d Cir. 1997). Accordingly, as the PSR correctly indicates, restitution is due for Counts 26 and 27 in the amount of $19,794.

**Fine**

The Government states that it will recommend a fine in the Guidelines range. Mr. Quinones already has financial obligations of $19,974 in restitution and a $2700 special assessment, and is

Hon. Denise L. Cote                                      April 21, 2008
U.S. District Judge                                              Page 4
Southern District of New York

      **Re:**  **United States v. Robert Quinones**
           **07 Cr. 544 (DLC)**

indigent.  Probation does not recommend a fine.

**Special Conditions**

    We have no objection to the Government's request that Mr. Quinones file accurate tax returns from 2002 forward and otherwise cooperate with the IRS regarding any tax liability.

**Appropriate Sentence**

    For all of the reasons set forth in the initial submission, and in the psychological evaluation of Mr. Quinones, a probationary sentence that begins with an intensive inpatient mental health and drug treatment program will serve each of the goals of sentencing in this case.  A term of imprisonment is not only not needed to deter, punish, or rehabilitate Mr. Quinones, but is likely to be far harsher than necessary to achieve any of these goals, given his severe mental illness, drug addiction, and physical issues.  The RDAP 500-hour drug treatment proposed by Probation has no mental health component and to my knowledge there is no individual counseling available in the Bureau of Prisons system.  Given the direct connection between his mental health issues and his drug use, it is difficult to see how RDAP will help him, assuming he even is allowed into it, since there is a lengthy waiting list for this program.  The Government's primary basis for an incarcerative sentence appears to be general deterrence, an important consideration, certainly, but one that cannot outweigh the individualized sentence to be afforded Mr. Quinones.

                                              Respectfully Submitted,

                                              Deirdre D. von Dornum
                                              Assistant Federal Defender
                                              Tel.: (212) 417-8767

cc:  Michael P. Ben'ary, Assistant U.S. Attorney (via ECF)
     Ross Kapitansky, U.S. Probation Officer (via hand delivery)
     Robert Quinones (via U.S. Mail)