```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -
                               x
UNITED STATES OF AMERICA       :
                               :
        - v. -                 :
                               :    SENTENCING REPLY
ROBERT M. QUINONES             :
                               :    07 Cr. 544 (DLC)
             Defendant.        :
                               :- - - - - - - - - - - - -
                               :
                               x
```



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 17, 2008

*BY ELECTRONIC FILING AND FACSIMILE*

Hon. Denise L. Cote
U.S. District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007-1312
Facsimile: (212) 805-7907

    Re: United States v. Robert M. Quinones (07 Cr. 544 (DLC))

Dear Judge Cote:

    This letter sets forth the Government's reply to the defendant's argument regarding restitution in the above-captioned case set forth at page three of the defendant's Sentencing Reply.

    Title 18, United States Code, §§ 3663, 3663A and 3664 empowers courts to impose restitution in cases that involve the commission of Title 18 offenses. As pointed out by the Second Circuit in United States v. Gottesman, cited by the defendant, absent a clear agreement by the parties, a sentencing court does not have the "inherent power to order restitution." 122 F.3d 150, 151 (2d Cir. 1997). The sections of Title 18 of the United States Code mentioned above do not confer authority on the Court to order restitution with respect to violations of other titles, including Title 26.

    The Court may order restitution with respect to the defendant's violations of Title 26 of the United States Code as a special condition of his supervised release under 18 U.S.C. § 3583(d). A sentencing court's authority to order restitution as a condition of supervised release is widely recognized. See, e.g., United States v. Gill, 2008 WL 1745145, *1-2 (2d Cir. April 17, 2008); United States v. Bok, 156 F.3d 157, 167 (2d Cir. 1998); United States v. Daniel, 956 F.2d 540, 543-544 (6th Cir. 1992); United States v. Comer, 93 F.3d 1271, 1278 (6th Cir. 1996). A court's authority to do so is also explicitly recognized in the United States Sentencing Guidelines, which mandate the use of that authority. See U.S.S.G. §5E1.1(a)(2). Under § 5E1.1(a)(2), where a court finds that the government has suffered a loss, defendants convicted of the various tax crimes under Title 26 must be ordered to make restitution as a condition of supervised release. See U.S.S.G. § 5E1.1(a)(2).

In the present case, the Court is authorized to order restitution of $19,794 by 18 U.S.C. § 3663. The Court is further authorized to order the defendant to be jointly and severably liable for $450,249, the amount of loss caused by his Title 26 offenses, as a special condition of supervised release under 18 U.S.C. § 3583(d).

        Very Truly Yours,

        MICHAEL J. GARCIA
        United States Attorney,
        Southern District of New York

By:   s/Michael P. Ben'Ary
      Michael P. Ben'Ary
      Special Assistant U.S. Attorney

cc:   *via Electronic Filing*
      Deirdre von Dornum, Esq.
      Assistant Defender
      Federal Defenders of New York, Inc.
      52 Duane Street
      10th Floor
      New York, New York 10007
      Deirdre_VonDornum@fd.org